UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD ACCIDENT AND INDEMNITY COMPANY,<br><br>    *Plaintiffs,*<br><br>v.<br><br>WHEELS AMERICA DALLAS 1 LLC and WHEELS AMERICA HOUSTON 1 LCC,<br><br>    *Defendants.* | Civil Action No. 3:22-CV-00316-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Wheels America Dallas 1 LLC's motion to dismiss Hartford Fire Insurance Company and Hartford Accident and Indemnity Company's claims for breach of contract and suit on account. [Doc. No. 10]. For the reasons explained below, the Court **DENIES** Wheels America Dallas 1 LLC's motion to dismiss.

### I. Factual Background

Hartford Fire Insurance Company and Hartford Accident and Indemnity Company (collectively, Hartford) provided Wheels America Dallas 1 LLC (Wheels Dallas) and Wheels America Houston 1 LLC (Wheels Houston) (collectively, Wheels) with a workers compensation insurance policy for their benefit and the benefit of their affiliates for one year.

Under the insurance policy, Wheels was supposed to pay premiums to Hartford "based upon [Wheels'] estimated payroll, number of employees, and applicable

1

employee classification codes."[1] Hartford initially estimated the premiums using the information Wheels provided, subject to adjustments after Hartford audited Wheels' books at the end of the policy period. Wheels did not allow Hartford to execute the audits, so Hartford based the premiums bill on the estimate, determining that Wheels owed them $108,970.00 of additional premiums under the policy. Almost a year after the policy ended, Hartford sent a final bill to Wheels, but Wheels has not yet paid it.[2]

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all-well pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[3] To survive a motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a defendant has acted unlawfully."[6] In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-

---

[1] Doc. No. 1 at 2.

[2] *See id.* at Exhibit A.

[3] *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (cleaned up).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[7]

## III. Analysis

Only one of the two defendants, Wheels Dallas, moves to dismiss Hartford's breach of contract and suit on account claims under Rule 12(b)(6). Wheels Dallas argues that the complaint fails to show that Wheels Dallas entered a contract with Hartford. Wheels Dallas points to the insurance bill attached to the complaint as evidence that the contract was only between Hartford and Wheels Houston.[8]

### A. Breach of Contract

In Texas, the elements of a breach of contract claim are: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach."[9] When suing for a breach of contract, the plaintiff must point out a particular provision in the agreement that the defendant breached.[10]

Although Hartford did not include the contract in the pleadings, the allegations, taken as true, state a plausible claim for breach of contract. First, Hartford's provision of insurance to both Wheels Dallas and Wheels Houston creates

---

[7] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *See* Doc. No. 1 at Exhibit A.

[9] *Lewis v. Bank of Am.*, 343 F.3d 540, 545 (5th Cir. 2003).

[10] *See Williams* v. *Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) (Boyle, J.) ("This Court and others throughout this Circuit have consistently indicated that, as a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." (cleaned up)) (collecting cases).

a reasonable inference that a valid workers compensation policy contract existed between the parties, including between Hartford and Wheels Dallas. Second, Hartford's act of issuing the policy could plausibly be Hartford's required performance under the contract.

Regarding breach, Hartford alleges that Wheels' failure to pay the additional premiums breached the policy agreement. The facts alleged in the complaint are sufficient to put Wheels on notice as to which provision they allegedly breached: the premiums payment clause.[11] Also, Hartford attached a bill to the complaint for over $100,000, thus putting Wheels on notice for possible damages. Because the Court finds that the complaint contains sufficient facts to state a claim to relief that is plausible on its face, the Court **DENIES** the motion to dismiss for failure to state a claim for breach of contract.

### B. Suit on Account Claim

The elements required for a Texas common law suit on account claim are: "(1) that there was a sale and delivery of the merchandise; (2) that . . . the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary and reasonable prices for that merchandise; and (3) the amount

---

[11] *Compare Encompass Off. Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 954 (E.D. Tex. 2011) (The "[plaintiff]'s allegations contain enough facts about plan provisions to make its breach of contract claim plausible and to put [the defendant] on notice as to which provisions it allegedly breached."), *with Baker*, 64 F. Supp. 3d at 972 ("[T]he Complaint merely concludes that [the defendant] 'breached its obligations' under the two agreements at issue, without specifying which provision or terms of the two contracts the [the defendant] allegedly breached.").

is unpaid."[12]  But a suit on an account is not "restricted to suits involving physical items[] and . . . may instead involve the performance of services."[13]

Hartford has alleged sufficient facts to state a plausible claim for suit on account.[14]  First, Hartford alleges it sold a service, the workers compensation policy, to Wheels.  Second, Hartford not only alleges that the policy allowed it to charge the defendants certain premiums, but also alleges that the defendants agreed to the policy.  Furthermore, under the policy, the premiums were based on an initial estimate.  Because Wheels refused to cooperate with the audits, the estimate was never modified.  Thus, Hartford has alleged enough facts to plausibly show that Hartford charged Wheels per the policy agreement.  Finally, Hartford claims that Wheels failed to pay the "Final Insurance Bill for the Policy."[15]  Because Hartford has pled facts that plausibly show a sale of a service, charged per the policy, that remains unpaid, the Court **DENIES** Wheels' motion to dismiss Hartford's suit on account claim.

---

[12] *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 741 (5th Cir. 2015) (alteration in original) (quoting *Hose Pro Connectors, Inc. v. Parker Hannifin Corp.*, 889 S.W.2d 555, 558 (Tex. App.—Houston [14th Dist.] 1994, no writ).

[13] *Id.* (cleaned up).

[14] *See Wayfarer Aviation, Inc. v. 4KS Aviation III, Inc.*, No. 3:10-CV-121-F, 2010 WL 11618073, at *3 (N.D. Tex. Apr. 29, 2010) (Furgeson, J.) ("[The plaintiff] alleges (1) that services were provided to [the defendant] (2) that the fees accrued were at an agreed price, and (3) that the account is unpaid. Accordingly, the Court finds that [the plaintiff] has adequately pled a claim for action on an account and denies [the defendant]'s Motion to Dismiss . . . ." (cleaned up)).

[15] Doc. No. 1 at 3.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Wheels America Dallas 1 LLC's motion to dismiss.

**IT IS SO ORDERED** this the 22nd day of July, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE